# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERATIONAL EQUITY, LLC., | : Civil Action No. 2:13-cv-01105-MPK |
| Plaintiff, | : |
| vs. | : |
| RICHARD SCHOMAKER; and | : |
| PITT CHEMICAL & SANITARY SUPPLY HOLDING CO., INC., | : |
| Defendants. | : |

## SECOND AMENDED COMPLAINT FOR MOTION TO CONFIRM AND ENTER JUDGMENT UPON ARBITRATION AWARD

Generational Equity, LLC, a Plaintiff and Movant, by its undersigned counsel, hereby moves the Court pursuant to The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), to confirm a commercial arbitration award entered in favor of Generational Equity, LLC and against the Defendant/Respondents named above, jointly and severally, on May 29, 2013. In support of this Second Amended Motion, Generational Equity respectfully states:

*Parties Before The Court*

1. Generational Equity, LLC ("Generational Equity") is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is located at 14241 Dallas Parkway, in Dallas, Texas.

2. Respondent Richard Schomaker is a resident and domiciliary of the Commonwealth of Pennsylvania. His residence is at 2420 Nicholson Road, Sewickley, Allegheny County, Pennsylvania.

3. Respondent Pitt Chemical & Sanitary Supply Holding Co., Inc. (hereinafter "Pitt Chemical") is a corporation organized under the laws of the Commonwealth of Pennsylvania. Its principal place of business is located at 2537 Penn Avenue, Pittsburgh, Allegheny County, Pennsylvania.

*Jurisdiction of This Court*

4. The sole member of Generational Equity, LLC is Generational Equity Group, Inc., a corporation organized under the laws of the State of Texas. The principal place of business of Generational Equity Group, Inc. is 14241 Dallas Parkway, in Dallas, Texas. Generational Equity, LLC is, therefore, a citizen of the State of Texas within the meaning of 28 U.S.C. § 1332(a)(1) and § 1332(c)(1).

5. Richard Schomaker, being a resident and domiciliary of the Commonwealth of Pennsylvania, is a citizen of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. § 1332(a)(1).

6. Pitt Chemical, being incorporated in the Commonwealth of Pennsylvania and having its principal place of business within the Commonwealth of Pennsylvania, is a citizen of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. § 1332(a)(1).

7. The matter in controversy in this action is $293,897.50, exclusive of interest, costs and legal fees.

8. Jurisdiction over the subject matter of this Second Amended Motion is therefore vested in this Court pursuant to 28 U.S.C. § 1332(a)(1).

*Facts Warranting the Relief Requested In This Second Amended Complaint for Motion*

9. Generational Equity, Richard Schomaker and Pitt Chemical are parties to a contract which contains an express arbitration provision. A true and correct copy of that contract is attached to this Second Amended Motion, marked for identification as "Exhibit A."

10. The arbitration provisions of the contract between Generational Equity, Richard Schomaker and Pitt Chemical provides as follows:

> 11. Arbitration. Any controversy, dispute, or claim between the parties relating to this Agreement is subject to binding arbitration under the Federal Arbitration Act and shall be settled by binding arbitration to be conducted in Fulton County, Georgia and administered by and under the rules of the American Arbitration Association in accordance with its Commercial Arbitration Rules. The prevailing party, if any, as determined by the arbitrator's award, shall be entitled to reimbursement of all expenses incurred in the arbitration including reasonable attorneys' fees, provided that in no event shall the arbitrator have the authority to award punitive damages. Judgment on the award may be entered in any court having jurisdiction over the award. Client expressly agrees not to initiate any complaint, claim or cause of action whatsoever in any public or private agency or in a state or federal court without first 1) submitting the details of the dispute in writing to GE and 2) submitting said dispute to arbitration as agreed herein. A willful violation of this provision or any breach of this Agreement by Client shall entitle GE to specific performance of this Agreement, to recover actual damages, to recover liquidated damages in the amount of the Success Fee and to receive reimbursement for GE's expense and attorney's fees incurred in securing enforcement herein. In the event of a dispute in arbitration or litigation, Client and GE hereby waive, to the fullest extent permitted by law, any right to or claim of punitive or exemplary damages against the other and may recover only actual damages, attorney's fees and liquidated damages as stated herein.

Exhibit A at 3.

11. A dispute arose between Generational Equity and the Defendant/Respondents regarding the entitlement of Generational Equity to payment under that contract.

12. The dispute between the parties went to arbitration before the American Arbitration Association ("AAA"). That proceeding was captioned *Generational Equity, LLC v. Richard Schomaker and Pitt Chemical & Supply Company Holding Company*, AAA No. 30 148 Y 00637 11 (hereinafter "Arbitration Proceeding").

13. The AAA arbitrator in the Arbitration Proceeding awarded Generational Equity $293,897.50. A true and correct copy of the Award of Arbitrator is attached to this Second Amended Complaint and Motion, marked for identification as "Exhibit B."

14. The Award of Arbitrator was entered on May 29, 2013.

15. No proceedings have been commenced before the Arbitration Tribunal in which any party seeks to have the Award of Arbitrator vacated or modified.

16. In their Agreement, the parties agreed that a judgment upon the Award of Arbitrator may be entered in any court having jurisdiction over the matter. Exhibit A at 3.

17. In their Agreement, the parties also agreed the prevailing party in any arbitration proceeding pursuant to the parties' contract is entitled to an award of attorney's fees and the costs of enforcement of the award. *Id.*

18. A proposed Order and Judgment is attached to this Second Amended Complaint for the convenience of the Court, marked for identification as "Exhibit C."

WHEREFORE, Generational Equity, LLC prays this Court will enter an Order and Judgment, confirming the Award of Arbitrator, and entering judgment in favor of Generational Equity, LLC, and against Richard Schomaker and Pitt Chemical & Sanitary Supply Holding Company, Inc., jointly and severally, in the amount of $293,897.50, plus a reasonable attorney's fee and the costs of this proceeding.

                        Respectfully submitted,

                        /s/ Peter N. Georgiades
                        Peter N. Georgiades (Pa.I.D. No. 25554)
                        Greystone Legal Associates, P.C.
                        1712 E. Carson Street - First Floor
                        Pittsburgh, PA 15203
                        (412) 381-8100
                        peterg@greystonelaw.com
                        Attorneys for Generational Equity, LLC

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Second Amended Complaint for Motion to Confirm and Enter Judgment Upon Arbitration Award" was served upon the following, by first-class mail, postage prepaid, addressed as follows:

>Maurice A. Nernberg, Esquire
>Maurice A. Nernberg & Associates
>301 Smithfield Street
>Pittsburgh, PA 15222

Service as described herein was made on October 8, 2013.

>/s/ Peter N. Georgiades
>Peter N. Georgiades (Pa. I.D.# 25554)
>Attorneys for Generational Equity, LLC
>
>Greystone Legal Associates, P.C.
>1712 East Carson Street – First Floor
>Pittsburgh, PA 15203
>(412) 381-8100
>pgeorg@greystonelaw.com